## The Horne-Livingston Neighborhood Council, Inc. Incorporation

*Joseph Rosenfeld,* for applicant.

KOCH, P. J., February 2, 1968.—The proposed articles of incorporation of the Horne-Livingston Neighborhood Council, Inc., contain the following provision:

"3. The purposes for which the corporation is organized are: To serve the interests of all persons resident in the Horne-Livingston neighborhood of the City of Allentown, Lehigh County, by coordinating and focusing existing resources after identifying their needs and problems, and by sponsoring various programs when needed".

The Nonprofit Corporation Law of May 5, 1933, P. L. 289, art. II, sec. 203, as amended, 15 PS §7203, provides that the articles of incorporation shall set forth "A statement of the purpose or purposes for which it is to be formed . . ." It is our considered view that the purposes of the proposed corporation are not stated with that degree of precision and clarity which would enable us to determine the particular objectives of the incorporators. It is obvious that such phrases as "the interests of all persons" and "coordinating and focusing existing resources after identifying their needs and problems" are obscure. Moreover, "sponsoring various programs when needed" is too general in nature.

In Deutsch-Amerikanischer Volksfest-Verein, 200 Pa. 143, 145 (1901), the Supreme Court set forth a principle which is still valid:

"The privilege of incorporation, and the requirements to obtain it, are wholly statutory. The courts are not entitled to grant or refuse the right except upon legal grounds, and the requirements fixed by law can neither be dispensed with, nor added to".

While it is true that "a *precise and accurate statement* of the purpose or purposes" is no longer a statu-

tory requirement, we are of the opinion that the statement of the purposes should still be sufficiently detailed to determine the corporate powers with a reasonable degree of accuracy.

Under section 207 of the Nonprofit Corporation Law, 15 PS §7207, the court, before approving the articles, must be satisfied that the purpose or purposes given are lawful and not injurious to the community. While we in no manner question the underlying worthiness and lawfulness of the motives of the incorporators, more specificity with respect to the corporate purposes is necessary in order that we may adhere to our judicial responsibility as prescribed by this statute: Society for Social Responsibility in Science Incorporation, 19 D. & C. 2d 627.

There is another matter, of a procedural nature, which concerns us. Section 205 of the Nonprofit Corporation Law, 15 PS §7205, provides that the articles of incorporation shall be filed by the incorporators in the office of the prothonotary and "shall remain on file . . . at least three days prior to the day the application for a charter will be made to the court". There has been no compliance with this provision, in that the articles were *not filed* at any time, and were simply delivered to the chambers of the writer of this opinion on January 26, 1968. Thus it is quite evident that no person whose interest may have arisen from the public advertising on September 29, 1967, and October 2, 1967, could possibly have examined the articles before their presentation to the court. One of the reasons for the legislative requirement of public advertising is to enable possible objectors to form judgments.

### ORDER

Now, February 2, 1968, the application for the incorporation of the Horne-Livingston Neighborhood Council, Inc., is refused, without prejudice to the right of the incorporators to file a new application.